UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMANA DIA JONES, | Case No.:  15cv2023 GPC (RBB) |
| Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE** |
| v. | |
| D.K. JOHNSON, | |
| Respondent. | **[Dkt. No 8]** |

Petitioner Ahmana Dia Jones ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 on September 10, 2015.  (Dkt. No. 1.)  Respondent D.K. Johnson ("Respondent") filed a Motion to Dismiss. (Dkt. No. 8.)  Petitioner did not file an opposition.  The Court has reviewed the Petition, Respondent's Motion to Dismiss, and the Lodgments.  For the reasons discussed below, the Court GRANTS Respondent's Motion to Dismiss the Petition with prejudice.

# FACTUAL BACKGROUND

On the evening of August 29, 2008, Petitioner, who was working as a prostitute, picked up Angel Torres in a borrowed car and drove to a parking structure to have sex. (Dkt. No. 9-4, Lodgment No. 4, People v. Jones, No. D055087, slip op. at 3 (Cal. Ct. App. Aug. 9, 2010).)  Torres paid Petitioner sixty dollars to engage in sexual activities with her in the car.  (Id.)  During these activities, an argument arose between the two. (Id.)  Petitioner asked Torres for more money to continue having sex with her, but Torres stated that he did not have more money.  (Id.)  Petitioner then instructed Torres to get off of her, and he complied with this instruction.  (Id.)

Petitioner threatened to drive away, leaving Torres in the parking structure.  (Id.) To prevent this from occurring, Torres took the keys out of the ignition.  (Id.)  This made Petitioner upset.  (Id.)  She exited the vehicle, opened the hood of the car, and took a gun out of the engine compartment.  (Id.)  Still inside the car, Torres heard a shot come from the driver's side of the vehicle.  (Id.)  Torres began to exit the car and heard two more shots.  (Id.)  In total, he was shot twice in the upper torso and once in the neck.  (Id. at 4.) Torres ran out of the parking structure and collapsed on a freeway nearby.  (Id.)  He was later taken to a hospital for treatment and was released the next day.  (Id.)

Petitioner testified in her own defense, maintaining that Torres had become aggressive when she asked him for more money.  (Id.)  Petitioner contends that she worried about her safety and became scared when Torres took the keys from the ignition. (Id.)  She testified that she grabbed an object from Torres's pants that turned out to be a gun.  (Id.)  She asserted that Torres reached for her hand as she raised the gun, causing it to fire.  (Id.)  Petitioner asserted that Torres threatened to kill her, and that when she

attempted to exit the car, it was locked.  (Id.)  She contended that she then shot the gun at Torres two more times, causing him to leave the vehicle and run away.  (Id.)

Petitioner was charged with attempted murder and shooting at an occupied motor vehicle.  (Dkt. No. 9-2, Lodgment No. 2 at 6.)  A jury found Petitioner guilty of attempted voluntary manslaughter and shooting at an occupied motor vehicle.  (Dkt. No. 9-4, Lodgment 4 at 4.)  On March 11, 2009, Petitioner was sentenced to a term of fifteen years and four months, plus twenty-five years to life.  (Lodgment 1.)

### PROCEDURAL BACKGROUND

**A.   Direct Appeal**

On November 3, 2009, Petitioner, with counsel, appealed her conviction to the California Court of Appeal.  (Dkt. No. 9-2, Lodgment No. 2.)  On August 9, 2010, the court of appeal affirmed the judgment of the Superior Court of San Diego County.  (Dkt. No. 9-4, Lodgment No. 4.)  Petitioner, with counsel, filed a petition for review with the California Supreme Court on September 13, 2010.  (Dkt. No. 9-5, Lodgment No. 5.)  On November 17, 2010, the California Supreme Court denied the petition for review without citation or comment.  (Dkt. No. 9-6, Lodgment No. 6.)

**B.   State Habeas Corpus Proceedings**

On March 24, 2011[1], Petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus in the San Diego County Superior Court on the grounds of ineffective

---

[1] Under the mailbox rule, the Court considers a petition filed on the date a petitioner hands it to prison authorities for mailing.  Houston v. Lack, 487 U.S. 266, 276 (1988); Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (citations omitted). The Ninth Circuit has held that for purposes of calculating AEDPA limitation period the Houston mailbox rule applies to both a pro se prisoner's:  (1) federal habeas petition and (2) state court habeas petition.  Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000).

15cv2023 GPC (RBB)

assistance of counsel and incorrect jury instructions.  (Dkt. No. 9-7, Lodgment No. 7.)
This petition was denied on July 29, 2011.  (Dkt. No. 9-8, Lodgment No. 8.)  Almost
three years later, she filed a petition for writ of habeas corpus in the California Court of
Appeal on February 4, 2014, on the grounds that her trial attorney was "ineffective in
conducting a reasonable defense," and failing to investigate her only possible defense.
(Dkt. No. 9-9, Lodgment No. 9.)  That petition was denied on February 25, 2014.  (Dkt.
No. 9-10, Lodgment No. 10.)

 On June 19, 2014, Petitioner filed a habeas corpus petition with the California
Supreme Court, on the same grounds as those raised in her federal Petition.  (Dkt. No. 9-
11, Lodgment No. 11.)  The California Supreme Court denied her petition on September
10, 2014.  (Dkt. No. 9-12, Lodgment No. 12.)  Petitioner filed her Petition in this Court
on September 3, 2015 alleging ineffective assistance of counsel for failing to conduct a
reasonable pre-trial investigation, and failing to investigate her only possible defense
when requested to do so and trial court sentencing error for imposing an illegal sentence
enhancement of 25 years to life.  (Dkt. No. 1. Pet. at 6-8.)

## DISCUSSION

 In the Motion to Dismiss, Respondent contends that Petitioner's claims "are
untimely because the statute of limitations expired before she filed her federal Petition."
(Dkt. No. 8, Mot. Dismiss at 2.)  Respondent argues that Petitioner's case became final
on February 15, 2011, and contends that without tolling, the limitations period expired on
February 15, 2012.  (Id. at 4 (citing Wixom v. Washington, 264 F.3d 894, 897 (9th Cir.
2000); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).)  Asserting that the Petition
was filed on September 3, 2015, Respondent reasons that without statutory or equitable
tolling, it is untimely.  (Id. at 4 (citing 28 U.S.C. § 2244(d)(1); id.(d)(2).)

15cv2023 GPC (RBB)

The statute of limitations for federal habeas corpus petitions is set forth in §
2244(d), which provides in relevant part as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State
> court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by
> State action in violation of the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly recognized by
> the Supreme Court and made retroactively applicable to cases on collateral
> review; or
>
> (D) the date on which the factual predicate of the claim or claims presented
> could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Respondent alleges that the Petition is barred based on 28
U.S.C. § 2244(d)(1)(A),"the date on which the judgment of conviction becomes final by
the conclusion of direct review."

A federal petition for writ of habeas corpus may be dismissed with prejudice when
it was not filed within AEDPA's one-year statute of limitations.  See Jiminez v. Rice, 276
F.3d 478, 483 (9th Cir. 2001).  The statute of limitations is a threshold issue that must be
resolved before the merits of individual claims.  White v. Klitzkie, 281 F.3d 920, 921-22
(9th Cir. 2002).

Here, the California Court of Appeal affirmed Petitioner's conviction and sentence
on August 9, 2010.  (Dkt. No. 9-4, Lodgment No. 4.)  She then petitioned the California

15cv2023 GPC (RBB)

Supreme Court for review, and the court denied her petition on November 17, 2010. (Dkt. No. 9-5, Lodgment Nos. 5, 6.)  Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

According to United States Supreme Court Rule 13, a petition for writ of certiorari must be filed within ninety days of the entry of an order denying discretionary review by the state supreme court.  S. Ct. R. 13.  When a habeas petitioner seeks direct review by the state's highest court but does not file a petition with the United States Supreme Court, the judgment becomes final when the prisoner's time to petition the Supreme Court expires.  <u>Bowen</u>, 188 F.3d at 1158-59.

Petitioner's judgment became final for the purposes of AEDPA on February 15, 2011, ninety days after the California Supreme Court denied her petition for review.  <u>See</u> <u>id.</u>; S. Ct. R. 13.  Pursuant to § 2244(d), the statute of limitations for federal habeas corpus relief began to run on February 16, 2011, the day after the judgment became final. <u>See</u> 28 U.S.C. § 2244(d)(1)(A); <u>Corjasso v. Ayers</u>, 278 F.3d 874, 877 (9th Cir. 2002) (explaining that the one-year statute of limitations under AEDPA begins to run the day after the conviction becomes final).  The one-year statute of limitations expired on February 16, 2012.  <u>See</u> <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1245-46 (9th Cir. 2001) ("In computing any amount of time prescribed or allowed . . . by any applicable statute, the day of the act, event, or default from which the designated period of time runs shall not be included." (quoting Fed. R. Civ. P. 6(a))).

Petitioner's federal habeas petition was filed on September 3, 2015, over three years later.  Therefore, unless Petitioner is entitled to statutory or equitable tolling, her action is barred by AEDPA's statute of limitations.

/ / / /

15cv2023 GPC (RBB)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**A.**   <u>**Statutory Tolling**</u>

Respondent asserts that none of Petitioner's state petitions for writ of habeas corpus qualify for statutory tolling.  (<u>Id.</u> at 4.)  Respondent explains that her petitions in the San Diego Superior Court and the California Court of Appeal were denied as untimely, precluding them from qualifying for statutory tolling.  (<u>Id.</u> at 4-5.)  Respondent additionally argues that through the "look through" doctrine, the California Supreme Court's denial of the petition in that court was also on the basis of untimeliness.  (<u>Id.</u> at 5-6.)  Respondent maintains, however, that even if Petitioner's state petitions were properly filed, her federal Petition is nevertheless untimely.  (<u>Id.</u> at 6-7.)

The statute of limitations under AEDPA is tolled during periods in which a "properly filed" habeas corpus petition is "pending" in the state courts.  28 U.S.C. § 2244(d)(2).  The statute specifically provides, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  <u>Id.</u>; <u>see also</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 410 (2005).  "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (explaining that typical filing requirements include all relevant time limits).

The interval between the disposition of one state petition and the filing of another may be tolled under "interval tolling."  <u>Carey v. Saffold</u>, 536 U.S. 214, 223 (2002).  The statute of limitations is tolled from the time a petitioner's first state habeas petition is filed until state collateral review is concluded, but it is not tolled before the first state

15cv2023 GPC (RBB)

1  collateral challenge is filed.  Thorson v. Palmer, 479 F.3d 643, 646 (9th Cir. 2007) (citing

2  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999)).

3       Here, even if Petitioner's state court petitions were properly and timely filed, the

4  Court finds that she is not entitled to statutory tolling.  As stated above, the limitations

5  period began to run on February 16, 2011.  Petitioner's state court petition for a writ of

6  habeas corpus was filed in San Diego County Superior Court on March 24, 2011.  (Dkt.

7  No. 9-7, Lodgment No. 7.)  This 36-day span is not statutorily tolled and counts toward

8  the one-year limitations period.  See Thorson, 479 F.3d at 646.  Her superior court

9  petition was denied on July 29, 2011.  (Dkt. No. 9-8, Lodgment No. 8.)  She then waited

10  922 days, until February 4, 2014, before filing her appellate habeas petition with the

11  California Court of Appeal.  (Dkt. No. 9-9, Lodgment No. 9.)  Respondent argues that

12  Petitioner is not entitled to gap tolling for this period of time.

13       Statutory tolling applies to "intervals between a lower court decision and a filing of

14  a new petition in a higher court."  Carey, 536 U.S. at 223.  A petitioner is thus entitled to

15  statutory tolling, "not only for the time that his petitions were actually under

16  consideration, but also for the intervals between filings, while he worked his way up the

17  ladder," Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey, 536 U.S. at

18  223), so long as those filings are timely, Carey, 536 U.S. at 225-26.

19       In California, a petition for collateral review is timely filed within a "reasonable"

20  amount of time; this contrasts with States that specify a time limit, usually thirty or forty-

21  five days.  Id. at 222–23.  Petitioner waited 922 days after her superior court habeas

22  petition was denied to file a petition with the appellate court.  Because this gap is not

23  explained, interval tolling does not apply to the period between the denial of Petitioner's

24  superior court petition and her constructive filing of the next petition with the California

25

26  8

27

28

Court of Appeal.  The petition to the higher court was not filed within a "reasonable time," presumptively thirty to sixty days.  See Evans v. Chavis, 546 U.S. 189 at 192-93 (2006).  "[I]f the successive petition was not timely filed, the period between petitions is not tolled."  Banjo v. Ayers, 614 F.3d 964, 969 (9th Cir. 2010).  Thus, the statute of limitations is not statutorily tolled for the 922 days between the superior court's order denying Petitioner's first state habeas petition and the habeas petition she filed with the California Court of Appeal.  This delay was unreasonable and the time must be counted toward the limitations period.  See Livermore v. Sandor, 487 F. App'x 342, 343-44 (9th Cir. 2012) (concluding that delay of seventy-six days between state habeas petitions was unreasonable); Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (finding delays of eighty-one and ninety-one days were unreasonable).

The California Court of Appeal denied Petitioner's habeas petition on February 25, 2014.  (Dkt. No. 9-10, Lodgment No. 10.)  She then filed a petition for writ of habeas corpus with the Supreme Court of California on June 25, 2014, 121 days later.  (Dkt. No. 9-11, Lodgment No. 11.)  Like her petition with the court of appeal, this petition was not filed within a "reasonable time."  See Evans, 546 U.S. at 192-93.  As a result, the limitations period is not statutorily tolled for the 121-day interval and is also counted toward the limitations period.  See Livermore, 487 F. App'x at 343-44; Velasquez, 639 F.3d at 968.

The petition with the California Supreme Court was denied on September 10, 2014.  (Dkt. No. 9-12, Lodgment No. 12.)  "The statute of limitations period is . . . not tolled after state post-conviction proceedings are final and before federal habeas proceedings are initiated."  Roy v. Lampert, 465 F.3d 964, 968 (9th Cir. 2006) (citing 28 U.S.C. § 2244(d)(2)).  A decision of the California Supreme Court becomes final upon

15cv2023 GPC (RBB)

filing.  Burton v. Cate, No. 10–1797–WQH(WVG), 2011 WL 4529664, at *4 n.3 (S.D. Cal. June 17, 2011) (citations omitted); Cal. Rules of Court, Rule 8.532(b)(2)(C).  Thus, the time period after the denial of the petition by the California Supreme Court and before the filing of her federal habeas petition is not statutorily tolled.  Petitioner constructively filed her federal habeas petition on September 5, 2015, or 361 days after the California Supreme Court denied her petition.  This period must be counted against the one-year limitation period.

The AEDPA statute of limitations period was running in this case for 36 days before Petitioner filed her state superior court habeas petition, 922 days between the superior court's denial of Petitioner's petition and her filing of the next petition with the California Court of Appeal, 121 days between the court of appeal's denial of her petition and her filing a petition with the California Supreme Court, and 361 days between the date the California Supreme Court denied her petition and the date Petitioner constructively filed her federal habeas petition.  The four periods when the limitations period was not tolled total 1440 days, which exceeds AEDPA's one-year statute of limitations.  28 U.S.C. § 2244(d)(1)(A).  Accordingly, Petitioner is not entitled to statutory tolling.

**B.**   **Equitable Tolling**

Equitable tolling of the statute of limitations is appropriate when the petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'"  Holland v. Florida, 560 U.S. 631, 632 (2010) (quoting Pace, 544 U.S. at 418); see also Lawrence v. Florida, 549 U.S. 327, 335 (2007) (same). A petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations where "'extraordinary circumstances beyond a prisoner's control made it impossible'" to

15cv2023 GPC (RBB)

file a timely petition.  <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003) (quoting <u>Brambles v. Duncan</u>, 330 F.3d 1197, 1202 (9th Cir. 2003)).

"'[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'"  <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002) (alteration in original) (quoting <u>United States v. Marcello</u>, 212 F.3d 1005, 1010 (7th Cir. 2000)).  The failure to file a timely petition must be the result of external forces, not the result of the petitioner's lack of diligence.  <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Determining whether equitable tolling is warranted is a 'fact-specific inquiry.'"  <u>Spitsyn</u>, 345 F.3d at 799 (quoting <u>Frye v. Hickman</u>, 273 F.3d 1144, 1146 (9th Cir. 2001)).

Respondent argues that equitable tolling is not warranted in this case because "Jones has not alleged any grounds she believes entitles her to equitable tolling, and nothing in the record suggests Petitioner's failure to timely file her Petition was due to an extraordinary circumstance beyond her control."  (Dkt. No. 8 at 8-9.)  Petitioner has not opposed Respondent's Motion to Dismiss and has not alleged any facts in her Petition that would explain her delay in bringing this Petition.  Petitioner has failed to meet her burden of establishing that "extraordinary circumstances" were the proximate cause of her untimeliness.  <u>See</u> Spitsyn, 345 F.3d at 799.  As a result, the Court concludes that Petitioner is not entitled to equitable tolling of the statute of limitations.  Accordingly, the Petition is untimely and must be dismissed.

/ / / /

/ / / /

/ / / /

/ / / /

15cv2023 GPC (RBB)

# V.  CONCLUSION

For the reasons set forth above, the Court GRANTS Respondent's Motion to Dismiss and DISMISSES the Petition with prejudice.  The Clerk of Court shall close the case.

IT IS SO ORDERED.

Dated:  May 4, 2016

Hon. Gonzalo P. Curiel
United States District Judge

12

15cv2023 GPC (RBB)